[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT #116
This case is before the court on the defendant's Motion for CT Page 2743 Contempt dated October 12, 1996. A hearing on said motion was held by the court on November 14, 1996, which hearing was continued to enable the court to obtain a portion of the transcript of the dissolution hearing setting forth the agreement of the parties as it related to the division of personal property. Said transcript was received by the court on December 12, 1996.
The parties' marriage was dissolved by the court, Munro, J. on April 12, 1996. The grounds of defendant's contempt motion are plaintiff's alleged refusal to allow defendant to remove certain items of personalty from the marital home which items were awarded to the defendant by the dissolution judgment. The defendant also claims that she was coerced by the plaintiff into signing an agreement wherein she relinquished her right to certain property in return for payment to her by the plaintiff of $4,000, which payment, she claims, is substantially less than the actual value of the items and/or their sentimental value to her. Said payment was "for her contents of divorce settlement. Not including any of her porcelain dolls or Ann Lee collectibles. She may come any time for clothing left," and the paper recording this agreement was dated April 14, 1996 (Defendant's Exhibit 3). The plaintiff's check, dated April 25, 1996 in the amount of $4,000, was endorsed and deposited by the defendant into her account at First Federal Savings Loan Association of Osceola, Florida (Plaintiff's Exhibit B).
The court has considered the defendant's claim of duress in connection with her agreeing to the sum of $4,000 for her house contents. Of significance is the fact that defendant signed said agreement on April 14, 1996, attempted to retrieve some of her property and clothing from the marital home that day then returned to Florida and on April 29, 1996 endorsed and deposited the plaintiff's $4,000 check She had ample opportunity to reconsider away from any coercive action of the plaintiff, whether to accept said check or return it on the ground that she was coerced into making the deal. She chose to accept the check and has retained the proceeds thereof to the present date. The court cannot on the basis of the evidence before it find that the defendant lacked the mental capacity to negotiate freely at the time that she signed the agreement with the plaintiff in view of her ratification of her action by the acceptance of the check and retention of the proceeds.
The agreement of April 14, however, did reserve certain CT Page 2744 personalty to the defendant, that is "porcelain dolls, Ann Lee collectibles and the defendant's clothing." The more persuasive evidence is that the defendant made several attempts to secure said items, on April 14, September 14, and September 15, 1996. On each occasion she was prevented from removing said items by the defendant. The court transcript of April 12, 1996 contains the following:
 "The Court: All right. Of the items sought by the defendant, the following items the plaintiff agrees should be the defendant's: Silver chest, gold-plated silver — They have numbers, but I'm not going to worry about it. — with cherry chest, crystal glasses, all items in break-front, Hummel plates and figurines, porcelain dolls, Ana Lee collectible dolls, gold plated coffee tea server with tray."
The court finds that the above items were not covered by the agreement of April 14. In that agreement the defendant gave up her right to "the dining room table with six chairs, the six foot breakfront, the hutch, the den lamp table and one of two curio cabinets, a Robert Woods painting and rattan furniture."
The only items that the defendant has been allowed to remove from the marital home are a cookbook, her recipe box and some of her clothing. The court finds that the plaintiff's refusal to allow the defendant to remove those items covered by the dissolution judgment and not covered by the April 14 agreement to be in contempt of the judgment of this court.
The court orders said items to be made available to the defendant at anytime of her choosing within 60 days of this order. Further, the court orders the plaintiff to refrain from any action which would hinder the defendant or anyone appointed by her in their attempt to remove said items from the family home in West Haven.
Further, the court orders that the plaintiff be responsible for and pay defendant counsel's attorney's fees as per her affidavit in the amount of $2,895.20. Plaintiff may purge his contempt by turning over said items to defendant and paying the attorney's fee of $2,285.20.
Defendant's request for equitable relief as to her air fares and tax liability are denied. CT Page 2745
DAVID SKOLNICK, J.